# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

Lyle W. Cayce
Clerk

No. 11-11082
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN PERRONE, also known as Steven Nicholas Perrone,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-41-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Perrone appeals the sentence imposed following the revocation of his supervised release for possession with the intent to distribute methamphetamine. Perrone was sentenced above the advisory range to 10 months of imprisonment and 50 months of supervised release. He argues that the district court committed procedural error by failing to articulate sufficient reasons for the imposition of the sentence above the advisory range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11082

The plainly unreasonable standard of review applies to revocation sentences. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). This standard is a more deferential standard than the reasonableness standard that applies to sentences imposed upon conviction. *Id.*

Perrone contends that his revocation sentence should be reviewed under the standard of reasonableness set forth in *United States v. Booker*, 543 U.S. 220 (2005). Although Perrone concedes that this argument is foreclosed in light of *Miller*, he wishes to preserve for review a challenge to this court's holding in *Miller*.

By expressly referencing the applicable factors of 18 U.S.C. § 3553(a), the district court showed its consideration of the nature and circumstances of Perrone's supervised release violations and his history and characteristics. *See* § 3553(a)(1). Additionally, the district court noted that prior attempts at rehabilitation had proved unsuccessful and expressed its opinion that a sentence of imprisonment was essential in Perrone's case. Considering the entirety of the record, the court's statements suggest that the court based the revocation sentence upon the nature of the supervised release violations and the number of positive drug tests. Although the court's comments were brief, the statements reflected that the court "considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Perrone has not shown that this court's ability to review the sentence has been affected and therefore does not show that the court committed procedural error. *See United States v. Whitelaw*, 580 F.3d 256, 263-64 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.